In the Matter of the GUARDIANSHIP
OF the ESTATE OF Joel
SALITERMAN.

No. C1–84–2235.

Court of Appeals of Minnesota.

April 30, 1985.

Review Denied July 11, 1985.

John M. Lund, Minneapolis, for Joel Saliterman.

Ronald R. Notermann, Minneapolis, for Samuel Saliterman.

Heard, considered, and decided by POPO-VICH, C.J., and LANSING and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

By this appeal, the ward seeks review of a December 3, 1984 judgment which allowed a final account filed in 1958 and which discharged the respondent guardian. We affirm.

## FACTS

Respondent Samuel Saliterman was appointed special guardian of the estate of Joel Saliterman, his son, in 1958. The ward recovered from his mental illness and desired the termination of the guardianship.

A hearing was held before the probate court judge on January 6, 1959 on the guardian's petition to allow the final account and to discharge him. No transcript was made of that hearing, but the court made entries in its Minutes. The guardian and ward were both present at the hearing. The probate court judge and the guardian later testified there was no objection to the account. The Minutes reflect that the court orally allowed the account and discharged the guardian.

No written order was prepared, apparently because the clerk was waiting for the guardian to submit vouchers of the specific disbursements. In July 1978, after the ward learned no written order had ever issued, he petitioned for a hearing on the final account. He alleged he lacked advance notice of the 1959 hearing, that he objected to the account, and demanded counsel at the hearing, and that he was not present for the entire hearing. The ward admitted he was told by the court in 1959 that the petition to allow the final account was approved.

By order dated August 17, 1978, issued after arguments on the ward's petition, the probate court judge again allowed the account and discharged the guardian. The order was made nunc pro tunc to January 6, 1959. The court found the ward participated in the 1959 hearing without objection, and the order allowing the account and discharging the guardian was made in open court without objection. In addition to finding the ward consented to the account, the trial court found the ward was barred from challenging the account by reason of laches and estoppel. The court concluded no prejudice resulted to the ward because the guardian expended more money on behalf of the ward than he received, contributing the difference from his personal funds.

After an appeal by the ward to a three judge panel of the district court, the August 17, 1978 order was vacated and the matter remanded on September 27, 1979. The panel found there was a factual dispute as to whether the ward objected to the

final account in 1959, and whether the doctrines of laches and estoppel barred his objection 19 years later. The parties were to be afforded the opportunity to present evidence, although the form of the order to be issued was left to the probate court.

The matter was not set on for hearing until 1984. By then, the district and probate courts had been unified and the ward had filed a notice of removal which prevented the probate court judge from conducting further hearings. Testimony was taken on June 7 and 8 and on November 19, 1984 before a judge of the district court. By findings of fact, conclusions of law and an order for judgment dated November 20, 1984, the court recited the history of the matter and found the guardian expended his own personal funds above the value of the estate for the benefit of the ward and that the ward, who was present at the 1959 hearing, expressed his desire that the guardianship be terminated. The account was allowed and the guardian discharged.

The ward appeals, arguing the account should not have been allowed without vouchers and that his objection was not barred by laches or estoppel.

## ISSUES

1. Did the trial court properly allow the final account?

2. Were the ward's objections properly disallowed?

## ANALYSIS

■ 1. Under the applicable laws in 1959, the guardian was required to "file a verified final account with a petition for the settlement and allowance thereof." Minn. Stat. § 525.58 (1957). Unless otherwise ordered, the guardian was to be examined on the account, although a ward restored to capacity could show he settled with the guardian and petition for discharge without further hearing. Minn.Stat. § 525.582 (1957). No such petition was filed by the ward in this case.

The 1957 statute did not require the guardian to file receipts or vouchers, although the probate court judge testified it was general practice to do so, unless the ward agreed to the account or waived the filing of receipts. The probate court judge further testified the ward was present at the 1959 hearing, he made no objection to the account, and the filing of receipts was waived because the ward desired to handle his own affairs. The guardian's testimony corroborated that of the probate judge. The guardian also testified he believed the matter was closed and that he was not required to file receipts.

The filed account shows receipts totaling $7,188.08 and disbursements totaling $7,419.36. The guardian testified he waived reimbursement for the amount in excess of the estate which he spent on behalf of the ward. The district court specifically found the guardian used his own funds in excess of the estate for the ward's expenses. This finding may not be set aside unless clearly erroneous. Minn.R. Civ.P. 52.01.

Both the probate judge and the guardian testified there was no objection to the account. Vouchers were not required by statute. The district court could have concluded the ward's conflicting testimony that he did object was not credible, in light of the probate judge's testimony that he would have held a hearing if any objection was raised. In light of the finding that the guardian expended his personal funds in excess of the estate and that no objection was made in 1959, we conclude the district court properly allowed the account.

2. The three judge panel remanded the matter for a determination of whether the ward objected at the 1959 hearing and whether the ward was barred from objecting 19 years later. The district court found the ward was so barred and we agree.

■ Laches will bar an action brought after an unreasonable delay in asserting a known right, if the delay results in prejudice to others such that allowance of the action is inequitable. *M.A.D. v. P.R.*, 277 N.W.2d 27, 29 (Minn.1979). There is little dispute that the ward's delay of 19 years in asserting his objections rendered it extremely difficult for the guardian to provide detailed documentation for his ac-

count. Presumably, any objection to the account was known in 1959. The testimony of the ward does not dispute the district court's finding that the guardian spent more for the ward then he received.

*In re Palm's Estate*, 210 Minn. 77, 297 N.W. 765 (1941), the case relied upon by appellant, is inapplicable. There, no hearing was held on a final account filed in June 1923 until objections were raised in 1937. The supreme court found the special administrator could not assert the defense of laches because he failed to have the account approved. Here, the account was approved by oral order of the court and objections were raised for the first time 19 years after that approval. We affirm the trial court's conclusion that those objections are barred.

### DECISION

The trial court properly allowed the final account despite the ward's objections.

Affirmed.